UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MLIVE MEDIA GROUP, an unincorporated
division of THE HERALD PUBLISHING
COMPANY, LLC,

            Plaintiff,

vs.

            Case No.14-cv-13148
            HON. GERSHWIN A. DRAIN

KATHRYN WEBBER.,

            Defendant.

_____/

**EX PARTE TEMPORARY RESTRAINING ORDER**

The Court having reviewed the Verified Complaint, the Motion for Ex Parte Temporary Restraining Order and Preliminary Injunction, the Brief in Support of Motion, and the exhibits attached to the pleadings filed by Plaintiff MLive Media Group, an unincorporated division of The Herald Publishing Company, LLC ("MLive"), and the Court being otherwise duly advised of the premises;

IT IS HEREBY ORDERED that:

(1) On <u>Thursday, August 21, 2014, at 10:00 a.m.</u>, a hearing is scheduled on MLive's Motion for Preliminary Injunction for Defendant to show cause why a preliminary injunction should not be issued according to the terms and conditions set forth in this Order.

(2) Defendant is temporarily restrained and enjoined, directly or indirectly, from:

    (a) Soliciting or servicing any customers of MLive with whom she worked while employed by MLive, for herself or on behalf of or in conjunction with any other person, partnership, corporation or association (including, but not

-1-

        limited to, Gannett), until further order of the Court;

    (b)    Soliciting or servicing any prospective customers of MLive about whom she acquired confidential knowledge during her employment with MLive, for herself or on behalf of or in conjunction with any other person, partnership, corporation or association (including, but not limited to, Gannet), until further order of the Court;

    ©    Using or disclosing MLive's confidential, proprietary, and trade-secret information; and

    (d)    Tortiously interfering with MLive's contractual and business relationships with its customers and prospective customers, and otherwise disparaging the business of MLive to its customers and prospective customers.

(3)    Defendant is further ordered and required to:

    (a)    Immediately return to MLive's undersigned counsel all documents, data, files, and information obtained from MLive, including, but not limited to: all originals and copies of tangible property, proprietary documents, trade secrets, confidential information, discs, notes, customer files, customers information, training information, employment information, business-development information, requests for proposal bids and all responses, customer correspondence, marketing data, prospect meeting data, sales data, proposals, financial information, pricing, contracts, marketing brochures, marketing database, marketing plans, costs, customer lists, customer information, internal weaknesses, prospect lists, client lists, employee lists, alliance relationships, sales leads, employee information, business plans, profit, margin, and forecasting information, strategic planning, service and contract costs, and any other MLive data kept in any form or media whatsoever, whether in hard copy or electronic format; and

    (b)    Preserve all evidence related to Defendant's employment with MLive and the allegations and claims made in the Verified Complaint, in hard copy and electronic form, related to the allegations in this case;

    ©    Not to destroy, erase, or otherwise make unavailable for further proceedings in this matter, any records, telephonic records, or documents (including data or information maintained in computer media) in Defendant's possession, custody, or control, or to which Defendant has access, including but not limited to, computers and/or data or server systems belonging to her current employer, which were obtained from or contain information derived from any of MLive's confidential, proprietary, and/or trade-secret records or information that relate to any of the allegations and claims in the Verified

        Complaint.

(4)     The Court further finds that:

    (a)     MLive stands to lose its customers, confidential, proprietary, and trade-secret information, the goodwill and referral business of its customers, and revenues in an amount that cannot be readily ascertained. MLive is also faced with the substantial risk that Defendant will unlawfully use MLive's confidential and proprietary customer information and continue to raid MLive's customers to MLive's competitive disadvantage. Such anticipated losses constitute irreparable harm in that they are so indefinite and speculative as to be incapable of exact proof.

    (b)     It is satisfied based on the evidence presented that it clearly appears from the specific facts shown by the Verified Complaint that immediate and irreparable injury, loss or damage will result to MLive, should this Ex Parte Temporary Restraining Order not issue.

    ©     This Order has been entered without notice to Defendant because the irreparable harm to MLive if a Temporary Restraining Order is denied outweighs the harm to Defendant if it is granted. Further, the public interest in protecting confidential information and preserving the status quo justifies the issuance of this Order.

(5)     This Order shall remain in full force and effect until such time as this Court specifically orders otherwise.

(6)     The parties are granted leave to commence discovery, including interrogatories, requests for production, depositions, and third-party subpoenas immediately and on an expedited basis in aid of any preliminary injunction proceedings before this Court.

(7)     A copy of this Order, Notice of Hearing on MLive's Motion for Preliminary Injunction, Verified Complaint and the Summons shall be sent to Defendant via e-mail to her personal e-mail address and served on Defendant <u>no later than Tuesday, August 19, 2014</u>.

IT IS SO ORDERED.

Dated: August 15, 2014         /s/Gershwin A Drain
                                                  GERSHWIN A. DRAIN
                                                  UNITED STATES DISTRICT JUDGE