UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MLIVE MEDIA GROUP, an
unincorporated Division of THE
HERALD PUBLISHING COMPANY,
LLC,

        Plaintiff,

Case No. 14-cv-13148
HON. GERSHWIN A. DRAIN

vs.

KATHRYN WEBBER,

        Defendant.
_____/

## ORDER FOR PRELIMINARY INJUNCTION

The Court having reviewed the Verified Complaint, the Motion for Temporary Restraining Order and Preliminary Injunction, the Brief in Support, the Defendant's Response in Opposition and the Reply in Support, along with all the exhibits attached to the pleadings filed by Plaintiff, MLive Media Group, an unincorporated division of The Herald Publishing Company, LLC ("MLive"); and consistent with this Court's Order Granting Plaintiff's Motion for Preliminary Injunction entered on this date;

IT IS HEREBY ORDERED that:

(1) Defendant is hereby temporarily restrained and enjoined, directly or indirectly, from:

    (a) Soliciting or servicing any customers of MLive with whom she worked while employed by MLive, for herself or on behalf of or in conjunction with any other person, partnership, corporation or association, including, but not limited to, Gannett, her current employer, until further order of this Court;

    (b) Soliciting or servicing any prospective customers of MLive about whom she acquired confidential knowledge during her employment with MLive, for

        herself or on behalf of or in conjunction with any other person, partnership, corporation or association, including, but not limited to, Gannett, her current employer, until further order of the Court;

  (c)    Using or disclosing MLive's confidential, proprietary, and trade-secret information, except for customer information that Defendant can recall from memory or customer information that is available through public sources; and

  (d)    Tortiously interfering with MLive's contractual and business relationships with its customers and prospective customers, and otherwise disparaging the business of MLive to its customers and prospective customers.

(2)    Defendant is further ordered and required to:

  (a)    Produce for a forensic inspection and analysis all of her computer equipment, including, but not limited to, laptop and desktop computers, USB devices, including, but not limited to the two USB devices Defendant used with her work computer in July of 2014, external storage devices, and iPhones, and any online based email accounts and cloud based storage accounts and drop boxes used by Defendant <u>within twenty-four (24) hours of entry of this Order for Preliminary Injunction</u>.

  (b)    Immediately return to MLive's undersigned counsel all documents, data, files and information obtained from MLive, including, but not limited to: all originals and copies of tangible property, proprietary documents, trade secrets, confidential information, discs, notes, customer files, customers information, training information, employment information, business-development information, requests for proposal bids and all responses, customer correspondence, marketing data, prospect meeting data, sales data, proposals, financial information, pricing, contracts, marketing brochures, marketing database, marketing plans, costs, customer lists, customer information, internal weaknesses, prospect lists, client lists, employee lists, alliance relationships, sales leads, employee information, business plans, profit, margin, and forecasting information, strategic planning, service and contract costs, and any other MLive data kept in any form or media whatsoever, whether in hard copy or electronic format; and

  (c)    Preserve all evidence related to Defendant's employment with MLive and the allegations and claims made in the Verified Complaint, in hard copy and electronic form, related to the allegations in this case;

  (d)    Not to destroy, erase, or otherwise make unavailable for further proceedings in this matter, any records, telephonic records, or documents (including data or information maintained in computer media) in Defendant's possession, custody, or control, or to which Defendant has access, including but not

        limited to, computers and/or data or server systems belonging to her current employer, which were obtained from or contain information derived from any of MLive's confidential, proprietary, and/or trade-secret records or information that relate to any of the allegations and claims in the Verified Complaint.

(4) The Court further finds that:

    (a) MLive stands to lose its customers, confidential, proprietary, and trade-secret information, the goodwill and referral business of its customers, and revenues in an amount that cannot be readily ascertained. MLive is also faced with the substantial risk that Defendant will unlawfully use MLive's confidential and proprietary customer information and continue to raid MLive's customers to MLive's competitive disadvantage. Such anticipated losses constitute irreparable harm in that they are so indefinite and speculative as to be incapable of exact proof.

    (b) It is satisfied based on the evidence presented that it clearly appears from the specific facts shown by the Verified Complaint that immediate and irreparable injury, loss or damage will result to MLive, should this Preliminary Injunction not issue.

    (c) This Order for Preliminary Injunction has been entered after the issues were fully briefed and argued on September 4, 2014 because irreparable harm to MLive if a Preliminary Injunction is denied outweighs the harm to Defendant if it is granted. Further, the public interest in protecting confidential information and preserving the status quo justifies the issuance of this Order.

(5) This Preliminary Injunction shall remain in full force and effect until further order of this Court.

IT IS SO ORDERED.

Dated: September 4, 2014                       /s/Gershwin A Drain
                                                          GERSHWIN A. DRAIN
                                                          UNITED STATES DISTRICT JUDGE